UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL A. RODRIGUEZ GARCIA, | |
| Petitioner, | Civ. No. 16-0565 (KM) |
| v. | |
| WARDEN CHARLES GREEN, | OPINION |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The petitioner, Manuel A. Rodriguez Garcia, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges his current immigration detention. For the following reasons, the habeas petition will be denied without prejudice.

### II. BACKGROUND

Mr. Garcia is a citizen of Honduras. He states that he entered the United States in 2000 at the age of 52. On June 10, 2014, the United States Department of Homeland Security issued a Notice to Appear, which charged Mr. Garcia with removability on the basis that he entered this country without authorization. Mr. Garcia has been in immigration detention since around September 3, 2014.[1]

---

[1] Mr. Garcia states in his habeas petition that he has been in immigration detention since August 4, 2014. The respondent states in its brief that Mr. Garcia has been in immigration detention since September 4, 2014. Respondent has included in the record the arrest warrant, which indicates that it was served on September 3, 2014. (*See* Dkt. No. 6-5) Assuming August 4, 2014, is the start date of Mr. Garcia's immigration detention, this one-month difference would not change the outcome.

Mr. Garcia has had two bond hearings since he has been in immigration detention. On October 3, 2014, an Immigration Judge ("IJ") denied bond. (*See* Dkt. No. 6-7) On November 17, 2015, an IJ conducted another bond hearing, and again denied release on bond. (*See* Dkt. No. 6-8)

The Court received Mr. Garcia's habeas petition in this action on February 1, 2016. Mr. Garcia seeks his immediate release from immigration detention. Alternatively, Mr. Garcia requests that this Court order a bond hearing. The respondent filed a response in opposition to the habeas petition on March 11, 2016. In the response, respondent states that a removal hearing is scheduled for March 30, 2016. Mr. Garcia did not file a reply brief.

### III. LEGAL STANDARD: IMMIGRATION DETENTION

The Attorney General has the authority to detain aliens during the "pre-removal" period, that is, while removal proceedings are ongoing but before the issuance of a final order of removal. Section 1226(a) of Title 8 of the United States Code permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
>   (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
>   (B) conditional parole; ...

8 U.S.C. § 1226(a).

"Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to pre-removal detention that is mandatory:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

## IV.   DISCUSSION

### A. Request for Release

Mr. Garcia cites the United States Court of Appeals for the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) and *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015). Those two cases relate to pre-removal immigration detention. In *Diop*, for example, the Third Circuit held that *mandatory* pre-removal detention under Section 1226(c) may extend to the point that "the Government must justify its continued authority to detain [a petitioner] at a hearing at which it bears the burden of proof." *Diop*, 656 F.3d at 235. *Diop* and *Chavez-Alvarez* do not apply to Mr. Garcia's case, however, because he has been detained under the discretionary pre-removal regime of § 1226(a), not § 1226(c). As a 1226(a) detainee, Mr. Garcia is entitled to a bond hearing. In fact, he has already received two. Both times bond was denied, and it does not appear that Mr. Garcia has moved for a bond

redetermination at the administrative level pursuant to 8 C.F.R. § 1003.19(e). *See Nepomueceno v. Holder*, No. 11-6825, 2012 WL 715266, at *4 (D.N.J. Mar. 5, 2012) (dismissing habeas petition of 1226(a) detainee who had received a bond hearing).

A detainee stuck in pre-removal limbo for an indefinite period may be entitled to relief. There is authority recognizing the possibility of such relief, albeit in the course of denying it. *See Bulatov v. Hendricks*, No. 11–0845, 2012 WL 4753366, at *6–7 (D.N.J. Oct. 4, 2012) (denying relief as to 30–month detention) (citing *Contant v. Holder*, 352 F. App'x 692 (3d Cir. 2009); *Prieto–Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008)). In *Contant*, the Third Circuit held that the alien petitioner's nineteen-month pre-removal immigration detention was not "indefinite," because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his country of origin. *See* 352 F. App'x at 695-96. In *Prieto–Romero*, the petitioner had been detained for three years. The Ninth Circuit nevertheless found that the petitioner's detention was not "indefinite," because a petition for review of the administrative order of removal was pending, and there was no indication that the petitioner could not be repatriated to his country of origin if he was ordered removed. *See* 534 F.3d at 1063-65.

Mr. Garcia has been in pre-removal immigration detention for approximately twenty months as of this writing. He has had the benefit of not one, but two bond hearings. This twenty-month delay is either close to or shorter than the periods found *not* sufficient to warrant relief in the cases cited above. Mr. Garcia has proffered no facts to suggest that resolution of the removal issue will be delayed indefinitely. Indeed, as stated by the respondent in its answer, a removal hearing in this case was scheduled for March 30, 2016. To the extent that the habeas petition intends to allege that the pre-removal detention has been impermissibly protracted, it is denied.

This denial, however, is without prejudice to another application, should Mr. Garcia's pre-removal immigration detention continue for a substantial period of time beyond the date of this Opinion, without substantial justification. In addition, I will direct the government to inform the court as to the current status of the removal hearing.

B. <u>Request for Bond Hearing</u>

In addition to seeking his release from immigration detention through this habeas petition, Mr. Garcia alternatively requests that this Court order a bond hearing. The Court may order a bond hearing where the bond hearing was conducted unlawfully, or where the petitioner has erroneously been denied a hearing. *See Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (noting that petitioner has the right to ask District Court that a bond hearing be held, but that Court does not have the power to overrule denial of release after bona fide hearing); *Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *3 (D.N.J. Jan. 28, 2013) (noting that petitioner may be able to seek habeas relief from court in the form of ordering a curative bond hearing).

As previously stated, however, Mr. Garcia has already had two bond hearings before an IJ. Furthermore, the regulations provide that Mr. Garcia may seek a bond redetermination from the IJ. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have change materially since the prior bond redetermination.").

> Unlike the mandatory detention statute at issue in *[Demore v.] Kim,* [538 U.S. 510 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond

5

> redetermination hearing before an IJ. 8 C.F.R. § 236(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

*Contant*, 352 F. App'x at 695.

The record does not indicate, nor does Mr. Garcia state, that he has sought a bond redetermination pursuant to 8 C.F.R. § 1003.19(e). Mr. Garcia has not established that there is any substantial reason to hold a third bond hearing. But, even if there were, the proper procedure would be for him to seek a redetermination from the IJ. *Accord Arciaga v. Asher,* No. 14–1659, 2015 WL 500189, at *3 (W.D. Wash. Jan. 23, 2015) (noting that petitioner who is detained under § 1226(a) and did not request another bond redetermination hearing under 8 C.F.R. § 1003.19(e) failed to show a due process violation); *Gillis v. Decker,* No. 13–0172, 2013 WL 4718913, at *3–4 (M.D. Pa. Sept. 3, 2013) (dismissing habeas petition without prejudice where petitioner failed to file subsequent bond request as per 8 C.F.R. § 1003.19 as he still had remedies available to challenge his continued detention before having court consider his habeas petition); *Mutebi v. Mukasey,* No. 07–2654, 2008 WL 4297035, at *6 (D. Colo. Sept. 11, 2008) ("The record contains no indication that Applicant has exhausted his administrative remedies by requesting a bond redetermination .... Accordingly, even assuming that the Court had jurisdiction to review Applicant's custody status pursuant to § 1226(a), Applicant is required to exhaust his administrative remedies by filing an application for redetermination of his bond status with the immigration court, and by appealing any unsatisfactory decision to the BIA).

Nothing in the record suggests that Mr. Garcia sought or was prevented from seeking a bond redetermination under 8 C.F.R. § 1003.19(e). Therefore, the Court will not order a new

bond hearing for Mr. Garcia at this time and the habeas petition will be dismissed without prejudice.

## V.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice. An appropriate order will be entered.

DATED: April 29, 2016

KEVIN MCNULTY
United States District Judge